UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS AGUILAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:10-CV-538-PS |
| ) | |
| SUPERINTENDENT, INDIANA ) | |
| STATE PRISON, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Thomas Aguilar, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2007 Marion County convictions for murder and carrying a handgun without a license, for which he was sentenced to an aggregate sentence of forty-five years imprisonment. Aguilar asserts in his habeas petition that: (1) the investigating officers used false information on the affidavit for probable cause; (2) the deputy prosecutors who prosecuted him committed prosecutorial misconduct; (3) his trial counsel was ineffective; and (4) the judge who presided over his trial was biased (DE 1 at 3-4). He states that he has not yet presented any of these claims to the Indiana Supreme Court (*Id*.).

Aguilar appealed his conviction but the only ground that he raised in that appeal was that the State failed to rebut his claim of self defense (DE 6-3 at 10). The Court of Appeals of Indiana affirmed his conviction on February 27, 2008, finding his self defense argument to be meritless (DE 6-5), and he did not request transfer to the Indiana Supreme Court (DE 1 at 1). Later, Aguilar filed a petition for state post-conviction relief, which is still pending (DE 6-1 at 12). Indeed, a hearing on that petition is presently set in the state trial court for October 11, 2011 (DE 6-1 at 17). The Respondent argues that this petition for writ of habeas corpus should be

dismissed because Aguilar has not exhausted his state court remedies.

A habeas applicant must "fairly present" his federal constitutional claims to the state courts before submitting them to the federal courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is a normal, simple, and established part of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 848.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their state's prisoners' federal rights. *O'Sullivan*, 526 U.S. at 845; *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, a petitioner must fairly present his constitutional claims in one complete round of state review. *O'Sullivan*, 526 U.S. at 845.

Aguilar does not present sufficiency of the evidence – the sole issue he raised in his direct appeal – in this habeas petition. And even if he had included that claim in this petition, he has not exhausted that issue because he did not present it to the Indiana Supreme Court (DE 1 at 1). Instead, Aguilar raises four issues in his petition, but he concedes that he has not yet presented any of these claims to the Indiana Supreme Court (DE 1 at 3-4). Therefore, Aguilar has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

Generally, a petition for a writ of habeas corpus should be dismissed without prejudice where the petitioner has not exhausted his state remedies, in order to give the petitioner the opportunity to complete exhausting his issues in state court and then to file a petition for writ of habeas corpus. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). But if a "dismissal would effectively end any chance at federal habeas review," such as where the statute of limitations would expire before a new petition could be filed, then a stay may be appropriate. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006); *see also Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000) (dismissal of a habeas petition "is not proper when that step could jeopardize the timeliness of a collateral attack"). Accordingly, I will evaluate the record to determine whether a dismissal of this petition would prevent Aguilar from ever filing a timely petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state-created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Aguilar's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he assert that a state-created impediment prevented him from filing his federal petition (DE 1). Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) govern this petition.

A conviction is normally final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time has expired for a petition for writ of *certiorari*.

*Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).  There is some apparent uncertainty in this Circuit on the issue of when a conviction becomes final in cases where, as here, the petitioner fails to complete the state's direct appeal process.  In *Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002), the U.S. Court of Appeals for the Seventh Circuit concluded without analysis that because a habeas petitioner did not pursue a direct appeal in state court, his conviction became final when the time for seeking direct review in the state court of appeals expired.  Three years later, in *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005), the Seventh Circuit stated that when a petitioner did not seek discretionary review in the state supreme court, his conviction became final 90 days after the state appellate court's judgment, to account for the time during which he could seek certiorari review in the U.S. Supreme Court.  The *Balsewicz* court did not offer any analysis on this issue, nor did it mention *Farmer;* instead the court cited to *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002), which stands for the unremarkable proposition that when a petitioner does not seek review in the U.S. Supreme Court, his conviction becomes final 90 days after the state supreme court denies review.  *Anderson* did not address the situation presented when the petitioner did not seek review in the state supreme court.[1]

      Other Circuits that have analyzed this issue directly have determined that when a habeas petitioner fails to seek review in the state supreme court, his conviction becomes final when the time for seeking review in the state court expires, not 90 days later.  *See, e.g., Riddle v. Kemna*,

---

[1] There is language in *Anderson* suggesting that the decision is premised on the petitioner having completed the direct appeals process in state court. *See Anderson*, 281 F.3d at 675 ("Accordingly, the statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) *when all direct criminal appeals in the state system are concluded*, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) when, if certiorari was not sought, *all direct criminal appeals in the state system are concluded*, followed by the expiration of the time allotted for filing a petition for writ.") (emphasis added).

523 F.3d 850, 853-55 (8th Cir. 2008) (en banc); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003).  As the Eighth Circuit reasoned, there is no basis for including the 90 days in the calculation since the U.S. Supreme Court has no jurisdiction to review a case appealed directly from a state appellate court.  *Riddle*, 523 F.3d at 855.  Because a petitioner has no remedy available in the U.S. Supreme Court when he fails to complete the state appeals process, his conviction becomes final when the time for seeking further review in state court expires.  *Id.*

Based on the above, I conclude that Aguilar's conviction became final when the time for seeking review in the Indiana Supreme Court expired on March 28, 2008.  *Farmer*, 303 F.3d at 845-46.  Absent any period of tolling, Aguilar's federal petition was due one year later.  Aguilar filed a state petition for post-conviction relief on December 11, 2008 (DE 6-1 at 13), after 257 days had elapsed, and that petition tolled the federal statute of limitations.  The statute of limitations will not resume running until the conclusion of the post-conviction proceeding and appeals.  And as mentioned above, the state petition for post-conviction relief is still pending and a hearing is set in the state trial court for October 11, 2011 (DE 6-1 at 17).

Upon conclusion of state post-conviction review, Aguilar will still have 108 days within which to file a timely federal habeas petition. If his conviction did not become final until 90 days after the state appellate court's judgment, to account for the time during which he could seek certiorari review in the U.S. Supreme Court, then Aguilar will have even more time within which to file his second petition for writ of habeas corpus.  Accordingly, I find that Aguilar will have ample time within which to prepare and file a petition for writ of habeas corpus at the conclusion of his post-conviction proceedings, so a stay is not necessary in this case.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, I must consider

whether to grant Aguilar a certificate of appealability.  To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted).

For the reasons stated in this memorandum, I conclude that Aguilar did not exhaust any of the issues he presents in his petition for writ of habeas corpus, that he has a pending motion for post-conviction relief, and that at the conclusion of the post-conviction proceeding and appeals he will have ample time within which to prepare and file a timely petition for writ of habeas corpus raising exhausted claims.  Nothing in Aguilar's submissions suggests, let alone establishes, that jurists of reason could debate the correctness of these conclusions or find a reason to encourage Aguilar to proceed further.  Accordingly, I decline to issue Aguilar a certificate of appealability.

For the reasons set forth above, I **DISMISS** this petition for writ of habeas corpus (DE 1) without prejudice, **DIRECT** the Clerk to close this case, and **DENY** a certificate of appealability.

**SO ORDERED**.

ENTERED: September 28, 2011

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT